UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| FLOYD DAVIS, | ) | |
|---|---|---|
| | ) | Case Nos. 1:14-cr-7; 1:22-cv-274 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Floyd Davis's motion to vacate, set aside, or correct his sentence pursuant to 22 U.S.C. § 2255. (Doc. 89 in Case No. 1:14-cr-7; Doc. 3 in Case No. 1:22-cv-274.) For the following reasons, the Court will **DENY** Petitioner's motion.

On November 1, 2014, Petitioner and the Government filed a plea agreement, in which Petitioner agreed to plead guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 34 in Case No. 1:14-cr-7.) After determining that Petitioner was an armed career criminal, United States District Judge Harry S. Mattice, Jr. sentenced him to 180 months' imprisonment. (Doc. 75 in Case No. 1:14-cr-7.) Petitioner appealed his sentence to the United States Court of Appeals for the Sixth Circuit, and, on March 14, 2016, the Sixth Circuit affirmed Petitioner's sentence. (Doc. 87 in Case No. 1:14-cr-7.) In its opinion affirming Petitioner's sentence, the Sixth Circuit summarized the underlying facts as follows:

> Davis possessed a stolen Glock 22 semi-automatic pistol, equipped with an extended 30-round clip. In the early-morning hours of December 26, 2013, he used this gun to "sho[o]t out" the windows of a car in the parking lot of Terry's

Lounge in Chattanooga, Tennessee, and then "r[an] towards the entrance" of the nightclub brandishing the weapon. Fortunately for the patrons, two of the club's security guards subdued Davis on arrival. Soon after, local police officers reached the scene and arrested Davis for reckless endangerment and vandalism.

This was not Davis's first run-in with the law. Almost six years prior to the shooting, in 2009, Davis had pleaded guilty in state court to four felony counts of selling cocaine. See Tenn. Code Ann. § 39–17–417. As a result, a federal grand jury indicted Davis in 2014 on two counts of being a felon in possession of a firearm and ammunition. See 18 U.S.C. § 922(g)(1). Roughly a year later, he pleaded guilty to the firearm charge via a written agreement.

(*Id*. at 2–3.) On November 7, 2022, more than six years after his judgment became final, Petitioner filed a § 2255 motion. (Doc. 89 in Case No. 1:14-cr-7; Doc. 3 in Case No. 1:22-cv-274.) Although not entirely clear, in his motion, Petitioner appears to argue that: (1) he received ineffective assistance of counsel because his prior drug convictions do not qualify as predicate offenses under the Armed Career Criminal Act; (2) he was deprived of the opportunity to raise ineffective-assistance-of-counsel arguments on direct appeal; and (3) his guilty plea and plea agreement are invalid.

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635

(6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In this case, Petitioner concedes that his motion is not timely under § 2255(f). (Doc. 89, at 2 in Case No. 1:14-cr-7.) Petitioner argues that he is nonetheless entitled to equitable tolling of the limitations period because "he just recently became aware that his conviction based on ineffective assistance of counsel was obtained under a constitutional violation in the fundamental miscarriage of justice and/or incarceration of an actually innocent Defendant." (*Id*. at 1.) Other than his conclusory statement that he "just recently became aware" of counsel's purported ineffectiveness, Petitioner fails to explain how he has diligently been pursuing his rights in the six years that have passed since the Sixth Circuit affirmed his sentence or what extraordinary circumstance stood in his way and prevented timely filing of his § 2255 motion. As a result, Petitioner has not demonstrated that the Court should equitably toll the limitations period in § 2255(f), and his motion is not timely.

Additionally, Petitioner's claim that his guilty plea was invalid is procedurally defaulted because he did not raise that argument on direct appeal. Issues not raised on appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). And, although "actual innocence" may excuse procedural default of a claim raised in a § 2255 petition, *see Bousley v. United States*, 523 U.S. 614, 623 (1998), "actual innocence" sufficient to excuse procedural default "means factual innocence, not mere legal insufficiency." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "To establish actual innocence, petitioner must demonstrate

that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)) (internal quotation marks omitted). Petitioner's § 2255 motion does not include any facts suggesting that no reasonable juror would have convicted him for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g).

Accordingly, for the reasons stated herein, Petitioner' § 2255 motion (Doc. 89 in Case No. 1:14-cr-7; Doc. 3 in Case No. 1:22-cv-274) is **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPOPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**
